COURT OF APPEALS, (E. S.) JUNE TERM, 1822.

WELCH *vs.* THE STATE, use of SMITH.

APPEAL from *Kent* county court. An action of debt was brought on the 21st of December 1812, on the testamenta-

A plea of the act of limitations is not a bar to an action on a testamentary bond of more than 12 years standing, where the person bringing the action does not become of age until 17 years after the date of the bond, and 4 years before the institution of the suit.

JUNE 1822.

Welch
vs
The State

ry bond executed by *Taracy Smith* and *John Greenwood*, as executors of *T. Smith*, deceased, dated the 7th of August 1791. The defendant, (now appellee,) being a surety in the bond, pleaded *general performance* and *the act of limitations.* The facts of the case, as agreed upon by the parties, were as follow, viz: *T. Smith* by his will, dated the 11th of March 1791, devised the whole of his real and personal estate to his wife *Taracy*, during her widowhood, excepting £50, to be raised out of his moveable estate, and put out upon interest, till his son, *T. Smith*, arrived at the age of 21; when he was to have the £50, and all the testator's land, to him and his heirs, and the wife to have the interest of the £50 yearly, as it became due. After his wife's death, his whole estate, both real and personal, was to be his son *T. Smith's*, and his heirs, and in case his wife married again, her brother *J. Greenwood* was to take the estate out of her hands, and her interest was to cease in every part of it. He appointed his wife and *Greenwood* joint executors, &c. The testator died about the 1st of July 1791, and letters testamentary were granted on the 17th of August 1791. On the 20th of July 1798, *Greenwood* returned his final account, by which there appeared to be a balance due the estate of the testator, on that day, of £117 13 8. No further accounts appeared to have been returned to the orphans court. *T. Smith,* for whose use this suit is brought, is the son of the testator, and the devisee mentioned in his will, and he became of age in July 1808. *Taracy Smith,* the widow of the testator, intermarried with *A Pearson,* within five months after the testator's death, and was living at the time of the institution of this suit. She had not renounced her interest under the will. No part of the £50 devised to *T. Smith,* nor any other part of the personal estate of the testator, was paid to him, nor was the £50 ever put out at interest for him. On this statement the county court gave judgment for the plaintiff, and the defendant appealed to this court, where the cause was argued before CHASE, Ch. J. BUCHANAN, MARTIN, DORSEY, and STEPHEN, J. by

    *Chambers,* for the Appellant, and by

    *Tilghman,* for the Appellee

                   JUDGMENT AFFIRMED.